IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CARDSOFT (ASSIGNMENT FOR THE BENEFIT OF CREDITORS), LLC, <br>     Plaintiff, <br> v. <br><br> FIRST DATA CORPORATION, <br> FIRST DATA MERCHANT SERVICES CORPORATION, AND <br> TASQ TECHNOLOGY, INC. <br><br>     Defendants. | § § § § § § § § § § § § § § | Civil Action No. 2:13-CV-0290 <br><br><br><br> JURY TRIAL DEMANDED |

**FIRST DATA CORPORATION'S AMENDED ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

First Data Corporation ("First Data Corp.") responds to the Amended Complaint for Patent Infringement ("Amended Complaint") of Plaintiff CardSoft (Assignment for the Benefit of Creditors), LLC ("CardSoft") as follows:

1. First Data Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies those allegations.

2. First Data Corp. admits that it is a corporation organized and existing under the laws of the state of Delaware and that its principal place of business is located at 5565 Glenridge Connector, N.E., Suite 2000, Atlanta, Georgia 30342, United States of America. First Data Corp. denies that it is a limited liability company. First Data Corp. denies the remaining allegations in Paragraph 2 of the Amended Complaint.

3. First Data Corp. admits that First Data Merchant Services Corporation ("FDMSC") is a corporation organized and existing under the laws of the state of Florida and

that FDMSC's principal place of business is located at 4000 Coral Ridge Drive, Coral Springs, Florida 33065-7614. First Data Corp. denies the remaining allegations in Paragraph 3 of the Amended Complaint.

4. First Data Corp. admits that TASQ Technology, Inc. ("TASQ") is a corporation organized and existing under the laws of the state of Florida and that TASQ's principal place of business is located at 660 Menlo Drive, Rocklin, California 95765. First Data Corp. denies the remaining allegations in Paragraph 4 of the Amended Complaint.

5. First Data Corp. admits that the Amended Complaint purports to state an action against First Data Corp. for patent infringement under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*, over which this Court has subject matter jurisdiction, but First Data Corp. denies that Plaintiff has a valid claim for patent infringement against First Data Corp., FDMSC or TASQ under those laws.

6. First Data Corp. denies the allegations in Paragraph 6 of the Amended Complaint.

7. First Data Corp. denies the allegations in Paragraph 7 of the Amended Complaint.

8. First Data Corp. admits that the '945 Patent attached to the Complaint as Exhibit A is entitled "Method and Apparatus for Controlling Communications." First Data Corp. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Amended Complaint and therefore denies those allegations.

9. First Data Corp. denies the allegations in Paragraph 9 of the Amended Complaint.

10. First Data Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Amended Complaint and therefore denies those allegations.

11. First Data Corp. denies the allegations in Paragraph 11 of the Amended Complaint.

12. First Data Corp. denies the allegations in Paragraph 12 (incorrectly numbered as Paragraph 10 in the Complaint) of the Amended Complaint.

13. First Data Corp. denies the allegations in Paragraph 13 (incorrectly numbered as Paragraph 11 in the Complaint) of the Amended Complaint.

14. First Data Corp. admits that the '683 patent attached to the Complaint as Exhibit B is entitled "Method and Apparatus for Controlling Communications." First Data is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 (incorrectly numbered as Paragraph 12 in the Amended Complaint) of the Amended Complaint and therefore denies those allegations.

15. First Data Corp. denies the allegations in Paragraph 15 (incorrectly numbered as Paragraph 13 in the Amended Complaint) of the Amended Complaint.

16. First Data Corp. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 (incorrectly numbered as Paragraph 14 in the Amended Complaint) of the Amended Complaint and therefore denies those allegations.

17. First Data Corp. denies the allegations in Paragraph 17 (incorrectly numbered as Paragraph 15 in the Amended Complaint) of the Amended Complaint.

18. First Data Corp. denies the allegations in Paragraph 18 (incorrectly numbered as Paragraph 16 in the Amended Complaint) of the Amended Complaint.

19. First Data Corp. denies the allegations in Paragraph 19 (incorrectly numbered as Paragraph 17 in the Amended Complaint) of the Amended Complaint.

Prayer for Relief: The Prayer for Relief requires no response. To the extent that any response is required, First Data Corp. denies that the Plaintiff should be granted any of the relief it requests.

## AFFIRMATIVE DEFENSES

First Data Corp. asserts the following affirmative defenses to Plaintiff's claims for patent infringement. The assertion of an affirmative defense is not a concession that First Data Corp. has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE

First Data Corp. has not infringed and does not infringe the '945 Patent or the '683 Patent, either directly or indirectly, literally or under the doctrine of equivalents. First Data Corp. has not contributed to any infringement by others or induced others to infringe any claim of either patent.

## SECOND AFFIRMATIVE DEFENSE

On information and belief, the '945 Patent and the '683 Patent are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112. First Data Corp. reserves the right to assert any other basis for invalidity or unenforceability, or any other defense, that discovery may reveal.

## THIRD AFFIRMATIVE DEFENSE

On information and belief, Plaintiff's claims for injunctive relief and for damages for infringement of the '945 Patent and the '683 Patent are limited by the doctrines of laches, waiver, equitable estoppel and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages for infringement of the '945 Patent and the '683 Patent are limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for equitable relief and for damages are barred, in whole or in part, by 35 U.S.C. § 287.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief may be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the defense/doctrine of exhaustion.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the defense/doctrine of claim preclusion.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred by the defense/doctrine of res judicata.

**TENTH AFFIRMATIVE DEFENSE**

On information and belief, the '945 Patent and the '683 Patent are unenforceable due to inequitable conduct.

For all of the above reasons, First Data Corp. prays that Plaintiff takes nothing by its Complaint and that First Data Corp. be awarded such other and further relief to which it may be justly entitled.

Dated:  March 24, 2014                                   Respectfully submitted,


                                                       */s/ Robert W. Kantner*
Robert W. Kantner
Texas State Bar No. 11093900
E-mail:  rwkantner@jonesday.com
Attorney in Charge
Chijioke E. Offor
Texas State Bar No. 24065840
Email: ceoffor@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201-1515
Phone:  (214) 969-3737
Fax:  (214) 969-5100

Melissa Richards Smith
State Bar No. 24001351
Gillam & Smith
303 South Washington Avenue
Marshall, Texas  75670
Phone:  903.934.8450
Fax:  903.934.9257
E-mail:  melissa@gillamsmithlaw.com

**ATTORNEYS FOR DEFENDANTS FIRST DATA CORPORATION, FIRST DATA MERCHANT SERVICES CORPORATION AND TASQ TECHNOLOGY, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this 24th day of March 24, 2014.

                                    */s/ Robert W. Kantner*
                                    Robert W. Kantner

DLI-6476367v1